**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

SYD WIESEL and GARY WIESEL,

     Plaintiffs,

                                 **CASE NO.:0:25-cv-60434**

WALMART INC.,

     Defendant.

_____

## <u>NOTICE OF REMOVAL</u>

     Defendant, WALMART INC., files this Notice of Removal and hereby removes this action from the Circuit Court of Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, for the following reasons:

     1.     The removing party, WALMART INC. (hereinafter "Defendant" or "Walmart"), is the defendant in the above-styled action.

     2.     On January 29, 2025, Plaintiffs, SYD WIESEL and GARY WIESEL (hereinafter "Plaintiffs"), filed the above-styled action, Case No. CACE-25-001275 against WALMART INC., a foreign profit corporation, which is now pending in the Circuit Court of Broward County, Florida. A copy of Plaintiff's Complaint, which was served on Walmart on February 6, 2025, is attached hereto as **Exhibit "A"**.

     3.     On January 29, 2025, Plaintiffs filed a Civil Coversheet. On January 30, 2025, Plaintiffs filed discovery requests. A summons was issued to Defendant Walmart on January 30, 2025. On February 6, 2025, Plaintiffs served Walmart with their Complaint. On February 21, 2025, Walmart filed its Notice of Appearance and Designation of Email Address. On February 26, 2025, Walmart filed its Answer and Affirmative Defenses. No further proceedings have ensued in State

Court. A complete copy of the state court file in Case No: CACE-25-001275 filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida is attached pursuant to 28 U.S.C §1446 as **Composite Exhibit "B".**

4.      Walmart removes this action to federal court under diversity jurisdiction, 28 U.S.C. Section 1332.

5.      Plaintiffs' Complaint alleges that they are residents of Miami-Dade County, Florida, *See* Complaint, Ex. A, ¶ 4. Similarly, according to Walmart's records, and upon information and belief, Plaintiffs are residents and citizens of the State of Florida.

6.      A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1)).  Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas. *See* SunBiz printouts from Florida Division of Corporations as to WALMART INC., attached as **Exhibit "C."** Therefore, Walmart Inc. is a citizen of Delaware and Arkansas and of no other states. Walmart Inc. does not have any parent corporation, and no publicly held corporation owns 10% or more of its stock. All of the foregoing facts were also true at the time of the filing of this action. Upon information and belief, WM Stores East, LP, was the owner of the subject premises on the date of the incident.

7.      Plaintiffs' Complaint alleges only that they seek damages in excess of $50,000, the minimum jurisdictional amount required to be pled in state circuit court.  *See* Complaint, Ex. A, ¶ 1.  Aside from the minimal jurisdictional amount, Plaintiffs make no specific claims regarding their damages in the Complaint.

8.      Additionally, Plaintiffs assert that they are seeking damages as a result of slipping and falling on a mushed cucumber while on the premises of Walmart's property located at 2551 East Hallandale Beach Boulevard, Hallandale Beach, Broward County, Florida.  *Id. at ¶¶ 3-9.*

9.      On or about August 15, 2024, prior to the filing of the instant lawsuit, Plaintiff, SYD WIESEL, submitted a pre-suit demand letter which alleged that she suffered exacerbation of traumatic thoracic spine pain with myositis injury and vertebrogenic low back pain with radiculitis to the left knee, as well as a traumatic right wrist, right knee, and right ankle/foot arthralgia, as a result of the subject incident. She suffered a bulging at L3-4 and L4-5, a protrusion/herniation at L5-S1, and lumbar muscle spasm. Plaintiff underwent an anterior lumbar interbody fusion L5-S1 as a result. Plaintiff provided past medical bills totaling $278,235.00.  Upon information and belief, Plaintiff's past medical bills alone are alleged to exceed the jurisdictional threshold of this Court. Consequently, based on Plaintiff's alleged injuries and medical bills incurred, the Plaintiff offered to settle the claim for $750,000.00.  *See* Pre-Suit Demand Letter (redacted), attached as **Exhibit "D[1]."**

10.     Plaintiffs' claimed damages exceed the $75,000.00 minimum jurisdictional amount for federal court.

11.     Defendant has filed this Notice of Removal within thirty (30) days of being served with the initial Summons and Complaint filed by Plaintiffs.

12.     The United States District Court has jurisdiction over the parties in this litigation and venue in the Ft. Lauderdale Division is appropriate.

**I.      THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES**

---

[1] Walmart has not filed the entire amount of medical records which Plaintiff, Syd Wiesel, submitted with her pre-suit demand letter in order to protect Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Walmart will provide same for an *in-camera* inspection.

Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states." This action satisfies the complete diversity citizenship requirement of 28 U.S.C. § 1332(a)(1).

### A. Citizenship of SYD WIESEL and GARY WIESEL

Plaintiffs, SYD WIESEL and GARY WIESEL are residents of Miami-Dade County, Florida. *See Ex A, ¶ 4.* of Plaintiffs' Complaint. "It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to citizenship." *Katz v. J.C. Penney Corp*., 2009 U.S. Dist. LEXIS 51705, *3 (S.D. Fla.) (Cohn, J) (internal citations omitted).

Here, Plaintiff, SYD WIESEL's medical records indicate she is a resident of Miami-Dade County. *See* Ex. D. Plaintiffs' Miami-Dade County residence is prima facie evidence of their domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz at *3.*

### B. Citizenship of WALMART INC.

Walmart Inc. was at the time of the alleged incident, and is currently, a Delaware corporation and maintains its principal place of business in Bentonville, Arkansas. At no time material hereto has Walmart Inc. been a citizen of Florida. *See* Ex. C.

### C. The Amount in Controversy

The amount in controversy exceeds $75,000.00. It is clear from the pre-suit demand (*See* Ex. D) that Plaintiffs' claimed damages exceeds the jurisdictional minimum in this court of $75,000.00. *See Katz *5* (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand

package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL-28GJK, 2010 U.S. Dist. LEXIS 136246 at *1 (M.D. Fla. Dec 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy). Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot Inc.*, 2014 F. 3d 1069 (11th Cir. 2000).

"In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 U.S. Dist. LEXIS 51705, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

The relevant portions of Plaintiffs' itemized and specifically detailed pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, Plaintiff, Syd Wiesel, suffered multiple disc bulges, a herniation, and underwent surgery. Plaintiff, Syd Wiesel, according to her demand letter, has incurred over $278,235.00 in medical bills for her alleged injuries and offered to settled the claim for $750,000. In addition to Plaintiff, Syd Wiesel's alleged medical condition, she alleges that she suffered from

mental anguish and loss of capacity for enjoyment of life, and that her injuries are permanent and continuing in nature. *See* Ex. A at ¶11. Further, Plaintiff, Gary Wiesel, alleged the loss of his wife's consortium. *See* Ex. A at ¶14.

These allegations and evidence sufficiently and conclusively establish by the preponderance of evidence that the amount in controversy exceeds the requisite $75,000.00 minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

For example, in *Katz v. J.C. Penney Corp.*, No. 09-cv-60067, 2009 U.S. Dist. LEXIS 51705 (S.D. Fla. June 1, 2009), this District Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Id*. at * 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff Syd Wiesel's August 15, 2024, pre-suit demand letter in this case, it was based on medical records provided by the plaintiff. *Id.*

District courts have found that the amount in controversy is satisfied by a showing that plaintiff's pre-suit demand letter demonstrates plaintiff's past medical bills exceed $75,000.00. For example, in *Stramiello v. Petsmart, Inc*., Case No. 8:10-cv-659-T-33TGW, 2010 U.S. Dist. Lexis 59119, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and she would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

Additionally, in *Wilson v. Target Corp.*, the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur additional $1 million dollars in future medical expenses as a result of his incident. *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she brought, but only plead that her damages were in excess of $15,000.00, the court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in her complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.*

## II.  <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs.

Walmart will give written notice of this removal to Plaintiffs, as required by law.  A copy of this notice will be filed with the Clerk of Circuit Court of Broward County, Florida, as provided by law.

WHEREFORE the removing party, Defendant WALMART INC., prays that the above-entitled action be removed from the Circuit Court of Broward County, Florida, to this Court.

Dated: March 4, 2025.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via email this 5th day of March 2025, to Harris W. Gilbert, Esq., **Gilbert & Smallman PLLC**, 3475 Sheridan Street, Ste.301, via <u>hwgilbertlaw@gmail.com</u>, *Counsel for Plaintiff.*

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

Attorneys for Defendant
9300 South Dadeland Boulevard, 4th Floor
Miami, Florida 33156
Telephone: (305) 670-1101
Facsimile: (305) 670-1161

By: /s/ Rebecca Aroca
Rebecca V. Aroca, Esq.
Florida Bar No. 59744
Rebecca.aroca@qpwblaw.com
Designated Email Addresses for Service of
Pleadings and Court Documents Only:
Primary Email:
Raroca.pleadings@qpwblaw.com
Secondary Email:
Roxanna.soto@qpwblaw.com

Filing # 215560739 E-Filed 01/29/2025 09:31:39 AM

<span style="color:red">EXHIBIT "A"</span>

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

SYD WIESEL and
GARY WIESEL,

         CASE NO:

      Plaintiffs,

v.

WALMART INC.,
a foreign profit corporation,

      Defendant.

_____/

## COMPLAINT

      Plaintiffs, SYD WIESEL and GARY WIESEL (hereinafter "Plaintiffs"), by and through

undersigned counsel, hereby sue Defendant, WALMART INC. (hereinafter "Defendant"), and

allege as follows:

      1.     This Court has jurisdiction over this dispute as this complaint seeks damages in

excess of $50,000.00—exclusive of attorneys' fees, costs, and interest.

      2.     Defendant is a foreign profit corporation that is incorporated in the State of

Delaware but doing business in the State of Florida—including Broward County—and has thus

subjected itself to the jurisdiction of this Court.-

      3.     At all times material hereto, Defendant owned, operated, and/or controlled the

store located at 2551 East Hallandale Beach Boulevard in Hallandale Beach, Broward County,

Florida 33009 (hereinafter "Premises").

      4.     At all times material hereto, Plaintiffs were adult residents of Miami-Dade

County, Florida.

      5.     Venue is proper in this county in that all acts complained of herein occurred in

Broward County, Florida.

## COUNT I. NEGLIGENCE
### (Premises Liability)

6.      Plaintiff, SYD WIESEL, realleges and reincorporates all allegations contained in paragraphs 1 through 5 as if fully set forth herein.

7.      On or about March 19, 2023, Plaintiff, SYD WIESEL, was a business invitee of Defendant's store and was shopping at the Premises.

8.      Defendant owed a duty to invitees, including Plaintiff, SYD WIESEL, to maintain and operate the Premises in a reasonably safe condition so as not to expose invitees, including Plaintiff, SYD WIESEL, to bodily injury or harm.

9.      On March 19, 2023, Plaintiff, SYD WIESEL, was in the produce area of the Premises. Plaintiff, SYD WIESEL, then slipped and fell on a mushed cucumber that was on the ground. A nearby couple then helped Plaintiff, SYD WIESEL, before she made a report with a manager.

10.     Defendant failed to maintain and operate the Premises in a reasonably safe condition, as referenced above.

11.     As a direct and proximate result of the negligence of Defendant, as alleged above, Plaintiff, SYD WIESEL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of pre-existing conditions. These losses are either permanent or continuing, and Plaintiff, SYD WIESEL, will suffer losses in the future.

**WHEREFORE**, Plaintiff, SYD WIESEL, demands judgment against Defendant for damages, plus costs of these proceedings and any other remedy properly allowed by law, and

hereby demands a trial by jury on all issues so triable.

## COUNT II. LOSS OF CONSORTIUM

12.    Plaintiff, GARY WIESEL, realleges and reincorporates all allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13.    At all times material hereto, Plaintiff, GARY WIESEL, was and is the lawful HUSBAND of Plaintiff, SYD WIESEL.

14.    As a direct and proximate result of the negligence of Defendant, as alleged above, Plaintiff, GARY WIESEL, has suffered and will continue to suffer the loss of HIS WIFE'S consortium and the care and comfort of HER society.

**WHEREFORE**, Plaintiff, GARY WIESEL, demands judgment against Defendant for damages, plus costs of these proceedings and any other remedy properly allowed by law, and hereby demands a trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

DATED this 29th day of January 2025.

Respectfully submitted,

**Gilbert & Smallman PLLC**

By:   /S/ *Harris W. Gilbert*      /
Harris W. Gilbert, Esq.
Florida Bar No.: 674060
3475 Sheridan Street, Ste 301
Hollywood, Florida 33021
Ph: (954) 661-7371
Fax: (954) 404-6003
hwgilbertlaw@gmail.com

COMPOSITE EXHIBIT "B"

  

eportaluser

Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 062025CA001275AXXXCE [CACE-25-001275] | 01/29/2025 | | BROWARD | Neg - Premises Liability Commercial | Pending | No | Yes |

| | Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|---|
| ● | BOWMAN, JOHN BRUCE | JUDGE | | |
| ● | Gilbert, Harris | ATTORNEY | | |
| ● | Aroca, Rebecca V | ATTORNEY | | |
| ● | WIESEL, SYD | PLAINTIFF | GILBERT, HARRIS W | 674060 |
| ● | WIESEL, GARY | PLAINTIFF | GILBERT, HARRIS W | 674060 |
| ● | WALMART INC. | DEFENDANT | AROCA, REBECCA VALENTINA | 59744 |

**− Dockets**

Page : 1   ⏮ ◀ ▶ ⏭   10 ▾

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 🗎 | 10 | 02/26/2025 | Answer & Affirmative Defenses | 6 |
| 🗎 | 9 | 02/21/2025 | Notice of Appearance WALMART INC. | 2 |
| 🗎 | 8 | 02/13/2025 | Notice of Filing/Affidavit of Service Returned Served on the 6th day of February, 2025 at 10:26 am | 3 |
| 🗎 | 7 | 01/30/2025 | Interrogatories | 12 |
| 🗎 | 6 | 01/30/2025 | Request to Produce | 6 |
| 🗎 | 5 | 01/30/2025 | Notice of Interrogatories | 1 |
| 🗎 | 4 | 01/30/2025 | eSummons Issuance | 2 |
| 🗎 | 3 | 01/29/2025 | Complaint (eFiled) | 3 |
| 🗎 | 2 | 01/29/2025 | Civil Cover Sheet | 3 |
| | 1 | 01/29/2025 | Per AOSC20-23 Amd12, Case is determined General | |

**＋ Judge Assignment History**



DIVISION OF CORPORATIONS

EXHIBIT "C"



Department of State  /  Division of Corporations  /  Search Records  /  Search by Entity Name  /

## Detail by Entity Name

Foreign Profit Corporation
WALMART INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | 849374 |
| **FEI/EIN Number** | 71-0415188 |
| **Date Filed** | 06/08/1981 |
| **State** | DE |
| **Status** | ACTIVE |
| **Last Event** | AMENDMENT |
| **Event Date Filed** | 08/21/2023 |
| **Event Effective Date** | NONE |

**Principal Address**

702 SW 8TH ST
BENTONVILLE, AR 72716

Changed: 05/28/2021

**Mailing Address**

702 SW 8TH ST
BENTONVILLE, AR 72716

Changed: 05/28/2021

**Registered Agent Name & Address**

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

Name Changed: 03/02/2017

Address Changed: 03/02/2017

**Officer/Director Detail**

**Name & Address**

Title Director

McMillon, Douglas C.
702 SW 8TH ST
BENTONVILLE, AR 72716

Title EVP/CFO

Rainey , John David
702 SW 8TH ST
BENTONVILLE, AR 72716

Title Secretary, EVP

Brand, Rachel
702 SW 8TH ST
BENTONVILLE, AR 72716

Title VP

Rancher, Jessica
702 SW 8TH ST
BENTONVILLE, AR 72716

Title President

McMillon, Douglas C.
702 SW 8TH ST
BENTONVILLE, AR 72716

Title SVP & Assistant Secretary

Gordon Y, Allison
702 SW 8TH ST
BENTONVILLE, AR 72716

Title Senior Vice President

Emma , Waddell
702 SW 8TH ST
BENTONVILLE, AR 72716

Title Senior Vice President & Assistant Treasurer

Michael , Cook
702 SW 8TH ST
BENTONVILLE, AR 72716

Title Assistant Treasurer, VP

Matthew , Allen
702 SW 8TH ST
BENTONVILLE, AR 72716

Title SVP

HART, HUNTER
702 SW 8TH ST
BENTONVILLE, AR 72716

Title VP

Hodges, Brandon
702 SW 8TH ST
BENTONVILLE, AR 72716

Title VP

Sartain, Joni
702 SW 8TH ST
BENTONVILLE, AR 72716

Title VP

Zanes, Ronald RJ
702 SW 8TH ST
BENTONVILLE, AR 72716

Title VP

DeSerio, David
702 SW 8TH ST
BENTONVILLE, AR 72716

Title Assistant Secretary

Little, Sarah
702 SW 8TH ST
BENTONVILLE, AR 72716

Title Assistant Secretary

Edwards, Geoffrey
702 SW 8TH ST
BENTONVILLE, AR 72716

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2023 | 04/24/2023 |
| 2023 | 11/20/2023 |
| 2024 | 04/19/2024 |

**Document Images**

04/19/2024 -- ANNUAL REPORT    [ View image in PDF format ]

| | |
|---|---|
| 11/20/2023 -- AMENDED ANNUAL REPORT | View image in PDF format |
| 08/21/2023 -- Amendment | View image in PDF format |
| 04/24/2023 -- ANNUAL REPORT | View image in PDF format |
| 04/18/2022 -- ANNUAL REPORT | View image in PDF format |
| 05/28/2021 -- AMENDED ANNUAL REPORT | View image in PDF format |
| 04/24/2021 -- ANNUAL REPORT | View image in PDF format |
| 05/31/2020 -- ANNUAL REPORT | View image in PDF format |
| 04/05/2019 -- ANNUAL REPORT | View image in PDF format |
| 04/26/2018 -- AMENDED ANNUAL REPORT | View image in PDF format |
| 04/14/2018 -- ANNUAL REPORT | View image in PDF format |
| 02/01/2018 -- Name Change | View image in PDF format |
| 03/02/2017 -- AMENDED ANNUAL REPORT | View image in PDF format |
| 02/23/2017 -- ANNUAL REPORT | View image in PDF format |
| 04/14/2016 -- ANNUAL REPORT | View image in PDF format |
| 04/18/2015 -- ANNUAL REPORT | View image in PDF format |
| 04/17/2014 -- ANNUAL REPORT | View image in PDF format |
| 07/01/2013 -- AMENDED ANNUAL REPORT | View image in PDF format |
| 04/12/2013 -- ANNUAL REPORT | View image in PDF format |
| 01/25/2012 -- ANNUAL REPORT | View image in PDF format |
| 10/25/2011 -- ANNUAL REPORT | View image in PDF format |
| 03/19/2011 -- ANNUAL REPORT | View image in PDF format |
| 04/07/2010 -- ANNUAL REPORT | View image in PDF format |
| 04/09/2009 -- ANNUAL REPORT | View image in PDF format |
| 04/08/2008 -- ANNUAL REPORT | View image in PDF format |
| 08/07/2007 -- ANNUAL REPORT | View image in PDF format |
| 03/15/2007 -- ANNUAL REPORT | View image in PDF format |
| 04/19/2006 -- ANNUAL REPORT | View image in PDF format |
| 05/05/2005 -- ANNUAL REPORT | View image in PDF format |
| 05/04/2004 -- ANNUAL REPORT | View image in PDF format |
| 03/29/2004 -- Reg. Agent Change | View image in PDF format |
| 04/28/2003 -- ANNUAL REPORT | View image in PDF format |
| 05/23/2002 -- ANNUAL REPORT | View image in PDF format |
| 05/12/2001 -- ANNUAL REPORT | View image in PDF format |
| 04/21/2000 -- ANNUAL REPORT | View image in PDF format |
| 05/17/1999 -- ANNUAL REPORT | View image in PDF format |
| 10/15/1998 -- Reg. Agent Change | View image in PDF format |
| 05/13/1998 -- ANNUAL REPORT | View image in PDF format |
| 05/06/1997 -- ANNUAL REPORT | View image in PDF format |
| 04/25/1996 -- ANNUAL REPORT | View image in PDF format |
| 05/16/1995 -- ANNUAL REPORT | View image in PDF format |
| 05/16/1995 -- 1995 ANNUAL REPORT | View image in PDF format |
| 05/01/1994 -- 1994 ANNUAL REPORT | View image in PDF format |
| 05/01/1993 -- 1993 ANNUAL REPORT | View image in PDF format |
| 06/18/1992 -- 1992 ANNUAL REPORT | View image in PDF format |
| 08/28/1991 -- 1991 ANNUAL REPORT | View image in PDF format |
| 07/10/1990 -- 1990 ANNUAL REPORT | View image in PDF format |

| | |
|---|---|
| 07/18/1989 -- 1989 ANNUAL REPORT | View image in PDF format |
| 07/08/1988 -- 1988 ANNUAL REPORT | View image in PDF format |
| 07/20/1987 -- 1987 ANNUAL REPORT | View image in PDF format |
| 08/21/1986 -- 1986 ANNUAL REPORT | View image in PDF format |
| 09/01/1985 -- 1985 ANNUAL REPORT | View image in PDF format |
| 06/29/1984 -- 1984 ANNUAL REPORT | View image in PDF format |
| 12/30/1983 -- Amendment | View image in PDF format |
| 07/21/1983 -- 1983 ANNUAL REPORT | View image in PDF format |
| 10/14/1982 -- Reg. Agent Change | View image in PDF format |
| 08/25/1982 -- Amendment | View image in PDF format |
| 07/16/1982 -- 1982 ANNUAL REPORT | View image in PDF format |

Florida Department of State, Division of Corporations



EXHIBIT "D"

# GILBERT & SMALLMAN PLLC

3475 Sheridan St., Ste 301
Hollywood, FL 33021
(954) 251-3106 Office
(954) 404-6003 Fax

August 15, 2024

**SENT VIA EMAIL TO: justin.mills@walmart.com**
Walmart Claims Services
PO Box 14731
Lexington, KY 40512

*Attention:* **Claims Adjuster - Justin Mills**

|     |              |   |              |
|-----|--------------|---|--------------|
| **RE:** | Our Client | : | Syd Wiesel |
|     | File #       | : | 10414417     |
|     | Date of Loss | : | 03/19/2023   |

To whom this may concern:

This law firm represents Syd Wiesel in her claim for personal injuries as a result of your insured's failure to maintain a safe environment. This letter will outline the issues of liability and damages and afford Walmart Claims Services an opportunity to settle this matter in lieu of protracted litigation. I have enclosed all pertinent medical records and bills for your review.

## LIABILITY

On March 19, 2023, my client, Syd Wiesel, was grocery shopping at the Walmart located at 2551 East Hallandale Beach Boulevard in Hallandale Beach, Florida, when she—suddenly and without warning—stepped and slipped on a mashed cucumber on the ground causing her to fall down on the right side of her body. As a result of the fall, Ms. Wiesel sustained injuries to her left buttocks/low back, left knee, right ankle, right foot, and right pinky. In Florida, there is a legal duty whenever a business owner creates a foreseeable risk of harm. Places of business, where large crowds congregate, are required to keep their premises in a reasonable safe condition commensurate with the business conducted. In fact, Walmart had a continuous duty to look after the safety of its patrons. See Owens v. Publix Super Markets, 802 So. 2d 315 (Fla. 2001). That is because a substantial risk of injury is implicit in the manner in which business, such as supermarkets, conduct business. As such, Walmart owed a higher degree of diligence to its patrons, including Mrs. Wiesel. See Wells v. Palm Beach Kennel Club 35 So. 2d 720 (Fla. 1948). Ms. Wiesel suffered injuries due to Walmart's failure to maintain a safe environment. As a direct and proximate result of Walmart negligence, Ms. Wiesel was injured.

## INJURIES

Due to pain and discomfort, on March 20, 2023, Syd Wiesel presented herself to Chiropractic Clinics of South Florida with the following initial complaints: **severe thoracic spine pain, lumbar spine pain, right wrist pain, right knee pain, and right foot pain.** After a thorough evaluation by Dr. Irina Barrios, D.C., of Chiropractic Clinics of South Florida, Ms. Wiesel was diagnosed as follows:

8/16/2024

1. **EXACERBATION OF TRAUMATIC THORACIC SPINE PAIN WITH MYOSITIS INJURY**
2. **EXACERBATION OF TRAUMATIC VERTEBROGENIC LOW BACK PAIN WITH RADICULITIS TO THE LEFT KNEE**
3. **TRAUMATIC RIGHT WRIST ARTHRALGIA**
4. **TRAUMATIC RIGHT KNEE ARTHRALGIA**
5. **TRAUMATIC RIGHT ANKLE/FOOT ARTHRALGIA**

As a result of the above finding, Ms. Wiesel was placed on a conservative treatment plan consisting of three-to-four appointments per week for six weeks. During these appointments, Ms. Wiesel was to receive spinal adjustments, ultrasound therapy, electrical muscle stimulation, cryotherapy, mechanical traction, manual therapy, cold laser therapy, and active range of motion exercises. *The initial report is enclosed for your review.*

After continued treatment, on May 25, 2023, Ms. Wiesel went to South Florida Diagnostic Group and underwent an MRI of the Right Foot and Lumbar Spine. Although the MRI of the right foot had no evidence of a fracture, Impressions of the Lumbar Spine MRI revealed the following:

1. **AT L3-4, THERE IS A BROAD-BASED BULGING ANNULUS AT L3-4, WHICH ABUTS THE VENTRAL THECAL SAC.**
2. **AT L4-5, THERE IS A SLIGHT GRADE 1 RETROLISTHESIS WITH A BROAD-BASED BULGING ANNULUS. THERE IS MAGNETIC SUSCEPTIBILITY ARTIFACT SEEN IN BETWEEN THE SPINOUS PROCESSES MOST CONSISTENT WITH AN INTERSPINOUS DECOMPRESSION PLATE AND SCREW FIXATION. THERE IS A LEFT FORAMINAL DISC PROTRUSION/HERNIATION WITH MODERATE LEFT FORAMINAL STENOSIS.**
3. **AT L5-S1, THERE IS A LEFT PARACENTRAL DISC PROTRUSION/HERNIATION WITH AN ANNULAR TEAR. THERE IS PROXIMAL LEFT S1 NERVE ROOT IMPINGEMENT.**
4. **STRAIGHTENING OF THE NORMAL LUMBAR LORDOSIS WHICH CAN BE ASSOCIATED WITH MUSCLE SPASM.**

On June 16, 2023, Ms. Wiesel went to Alliance Medical Solutions with **complaints of significant pain in her lower back and extremities.** After an examination, Dr. Joshua Appel, M.D, determined that Syd would benefit from an **ANTERIOR LUMBAR INTERBODY FUSION at L4-L5.**

On October 20, 2023, Syd Wiesel went to Miami Regional Surgery Center for her **ANTERIOR LUMBAR INTERBODY FUSION L5-S1** with Dr. Joshua Appel. *The surgical report is enclosed for your review*.

On November 13, 2023, Ms. Wiesel went to the Center for Diagnostic Imaging for follow-up imaging of the lumbar spine following the fusion surgery.

On December 18, 2023, Ms. Wiesel went to Physical Therapy Now in North Miami, Florida, with **initial complaints of low back pain with radiating LE symptoms and increased pain with prolonged standing and walking.** After a complete and thorough evaluation, Kai Brown recommended that Ms. Wiesel attend physical therapy appointments three times a week for eight weeks, with the treatments during those appointments to consist of the following: body mechanic training, core stabilization, flexibility, neuromuscular re-ed, ROM, therapeutic exercise, cryotherapy, heat, IFC e-stim, ultrasound, manual stretching, soft tissue mobs, and spine mobilization. *The initial evaluation form is enclosed for your review.*

After continued treatment, Chiropractic Clinics of South Florida was able to provide a final impairment rating based on Ms. Wiesel's present diagnosis of:

1. **EXACERBATION OF TRAUMATIC THORACIC PAIN WITH MYOSITIS INJURY**
2. **EXACERBATION OF TRAUMATIC LUMBAR PAIN WITH MYOSITIS INJURY AND MRI CONFIRMED BULGES AT L3-L4, L4-L5 AND TWO HERNIATIONS AT L4-L5 AND L5-S1 WITH AN ANNULAR TEAR.**
3. **TRAUMATIC RIGHT FOOT ARTHRALGIA**
4. **TRAUMATIC RIGHT KNEE ARTHRALGIA**

Using **AMA Guides to the Evaluation of Permanent Impairment** it was determined that Syd Wiesel has sustained a **<u>10% Final Impairment to the Body as a Whole</u>** as a result of the incident that occurred on March 19, 2023.

<u>**MEDICAL EXPENSES**</u>

| <u>PROVIDER</u> | <u>BILLED</u> |
| --- | --- |
| Chiropractic Clinics of South Florida | $15,185.00 |
| South Florida Diagnostic Group | $3,700.00 |
| Prestige Anesthesia | $19,800.00 |
| Miami Regional Surgery Center | $128,790.00 |
| Capital Ortho (Medical Supplies) | $2,400.00 |
| Center for Diagnostic Imaging | $408.00 |
| Physical Therapy Now—North Miami Beach | $13,000.00 |
| Florida Medical Ortho & Spine Institute – Dr. Joshua Appel, M.D. | $94,952.00 |
| **TOTAL:** | **$278,235.00** |
| **AvMed Lien** | **$34.59** |

These bills do not take into account the cost of Ms. Wiesel's future care, loss of earnings, and loss of enjoyment of life. Since the fall, Mrs. Wiesel has been forced to endure pain and discomfort and will continue to do so in the future. Mrs. Wiesel is now prone to periods of exacerbations and remissions due to the structural weakening of her spine. She still continues to experience pain and discomfort in her back and lower extremities. She still has difficulty with normal day-to-day activities. Based on her future clinical picture, it is clear that Mrs. Wiesel will incur many more medical expenses as they relate to the aforementioned injuries.

**OFFER TO SETTLE**

In short, no medical record can fully reflect the entire physiological and emotional impact that this unfortunate and serious accident has had on the life of Syd Wiesel. Due to the circumstances listed above, and due to your insured's negligence, my client is offering to resolve her claim for $750,000.00.

Demand is made that you tender $750.000.00 within thirty (30) days to avoid the need for litigation. I look forward to hearing from you.

Thank you for your attention to this matter.

Very truly yours,

Harris W. Gilbert, Esq.
HWG/ko

*Enclosures*